IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01841-MSK-MEH

REGINALD GILMORE,

    Applicant,

v.

GEORGE DUNBAR, Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.
_____

## RECOMMENDATION FOR DISMISSAL
_____

Applicant has pending before this Court an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Amended Application") (Docket #7). Respondents have filed their Answer (Docket #16), together with their Exhibits to Respondents' Answer (Docket #17). Applicant has not submitted a traverse. Under the provisions of 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, this matter has been referred to me for Recommendation on dispositive matters and for ruling on nondispositive matters. Based on the record contained herein, I **recommend** that the Amended Application be denied and that this matter be dismissed, with prejudice.

The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## FACTS

Applicant is a state prisoner in Colorado, and he has filed a *pro se* Amended Application challenging his 2000 state court conviction in the El Paso County District Court, Colorado Springs, Colorado. Applicant was convicted of simple possession, possession with intent to distribute, and two habitual criminal courts. The conviction for simple possession was vacated on direct appeal. *See People v. Gilmore*, 97 P.3d 123 (Colo. Ct. App. 2003).

In the Amended Application, the Applicant asserts three claims for relief. Applicant's first two claims allege that his habitual criminal convictions and his repeat offender status, both of which increased his sentence, violate his constitutional rights in light of the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the judge and not the jury determined he had prior convictions. In his third claim, the Applicant contends that he was denied a fair trial because of prosecutorial misconduct during closing arguments.

In their Answer to the allegations, the Respondents conceded that the Amended Application is timely filed under the one-year limitations period applicable to the Application under the

Antiterrorism and Effective Death Penalty Act ("AEDPA").  Further, the Respondents argue that the record establishes that the claims were adequately exhausted in the state courts.  Respondents do argue that the claims lack merit, and that the Amended Application should therefore be dismissed.  Specifically, the Respondents contend that the Applicant was not entitled as a matter of federal constitutional law to a jury determination concerning his prior conviction counts or his classification as a previous drug offender.  Additionally, the Respondents argue that the Applicant has failed to demonstrate that the prosecutor's comments in closing argument affected the fundamental fairness of the trial, or that the comments he objects to were in error.

Applicant proceeds in this action *pro se*.  As a *pro se* litigant, Applicant's filings are entitled to liberal construction by this Court.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.

## DISCUSSION

**I.     Standard of Review.**

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  "When a federal district court reviews a state prisoner's habeas [application] pursuant to 28 U.S.C. § 2254 it must decide whether the [applicant] is 'in custody in violation of the Constitution or laws or treaties of the United States.'  The court does not review a judgment, but the lawfulness of the [applicant's] custody *simpliciter*."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must

"give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Accordingly, based on denial of certiorari review by the Colorado Supreme Court in Applicant's case, habeas review in this Court is concerned with the proceedings in the Colorado Court of Appeals which was the final substantive proceedings in the state appellate review process.

The AEDPA applies to all federal habeas applications filed after the AEDPA's effective date of April 24, 1996, regardless of when the state proceedings occurred. *See Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999); *Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999). Under AEDPA, an applicant is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000).

As the Supreme Court recently stated:

> A state-court decision is contrary to . . . clearly established precedents if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 125 S.Ct. 1432, 1438-39 (2005) (internal citations omitted).

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require awareness of [those] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). So, when a state

court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the applicant as the federal standard, the reviewing court may presume an adjudication on the merits and apply AEDPA deference.  *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

Factual findings made by the state trial and appellate courts are presumed correct, with the applicant having the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003).  "[W]hether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* and *O'Neal v. McAninch*, 513 U.S. 432 (1995), must be applied.  *See Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002).  Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht*, 507 U.S. at 623.  *O'Neal* addresses the situation where a court is in "grave doubt" about the likely effect of the error on the jury's verdict – that is, where "the matter is so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error."  *O'Neal*, 513 U.S. at 435.  In such a case, *O'Neal* instructs a court to treat the error "as if it had a substantial and injurious effect or influence in determining the jury's verdict."  *Id.* (quoting Brecht, 507 U.S. at 623).

**II.     Discussion.**

    **A.     Claims One and Two.**

Claims One and Two allege that the Applicant was denied his due process and fair trial rights because he was adjudged a habitual criminal by the court instead of a jury, and classified as a repeat offender by the court and not a jury. The facts are not disputed in this regard and the issue raised by the Applicant in these claims concerns solely a question of law. *Cf. Sandoval v. Rodriguez*, 461 F.2d 1097, 1099 (10th Cir. 1972) (setting forth a "legal versus factual" dichotomy to guide district courts in connection with issues of exhaustion). Therefore, the Amended Application can be granted as to these claims only if the adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The prior conviction exception was based on the Court's earlier decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Although the *Apprendi* majority stated that "it is arguable that *Almendarez-Torres* was incorrectly decided," the Court did not overrule *Almendarez-Torres*. Subsequently, the Tenth Circuit Court of Appeals acknowledged that, despite criticism of *Almendarez-Torres*, "[i]f a precedent of [the Supreme Court] has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions." *United States v. Dorris*, 236 F.3d 582, 587 (10th Cir. 2000), *cert. denied*, 532

U.S. 986 (2001) (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997)).

Analyzing the Applicant's claims under *Apprendi*, the state appellate court affirmed the trial court's denial of the Applicant's repeat offender claim on the following basis:

> Possession with intent to distribute a schedule II controlled substance constitutes a class three felony. Section 18-18-405(2)(a)(I), C.R.S. 2002. However, if the violation occurs after a prior conviction of the same individual, the present conviction is raised to a class two felony. See § 18-18-405(2)(a)(II), C.R.S. 2002.
>
> A statutory provision is a penalty or sentence enhancer if its proof, while raising the felony level of the offense, is not required to secure a conviction of the charged offense. People v. Martinez, 32 P.3d 520 (Colo. App. 2001); People v. Whitley, 998 P.2d 31 (Colo. App. 1999) (ruling that the repeat offender provision contained in § 18-18-405(2)(a)(II) is a sentence enhancer, not a substantive offense, and thus properly for the trial court to determine).
>
> [Applicant] argues that the decision in People v. Whitley, supra, is contrary to the subsequent ruling in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the Supreme Court held that a fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. However, the Apprendi Court specifically excepted from its ruling "the fact of a prior conviction," which is the relevant determination in a repeat offender enhancement. Apprendi v. New Jersey, supra, 530 U.S. at 490, 120 S.Ct. At 2362-63, 147 L.Ed.2d at 455.
>
> Thus, the ruling in Apprendi is not applicable to the repeat offender sentence enhancer in § 18-18-405(2)(a)(II). See People v. Thompson, 765 N.E.2d 1209 (Ill. App. Ct. 2002) (concluding that Apprendi does not apply to sentencing under a repeat offender statute).

*See* EXHIBITS - STATE COURT RECORD TO RESPONDENTS' ANSWER TO APPLICATION FOR WRIT OF HABEAS CORPUS ("EXHIBITS - STATE COURT RECORD"), Docket #17, Exh. E, pp. 23-24.

Further, with regard to the habitual offender claim, the state appellate court rejected the Applicant's "challenge to his habitual criminal convictions on the rationale of Apprendi v. New Jersey, supra. See People v. Johnson, — P.3d — (Colo.App.No. 00CA1639, Oct. 24, 2002)." *Id.* at Exh. E, p. 25.

7

The Colorado Court of Appeals identified and applied the correct governing legal principal in this regard. Nothing in the record demonstrates that the state appellate court reached a different result based on facts that were materially indistinguishable from a decision of the Supreme Court, nor did it apply the Court's precedents to the facts in an objectively unreasonable manner. Applicant fails to identify any decision of the United States Supreme Court which holds that the prior criminality exception which is the central holding in *Apprendi* is not applicable to habitual offender and repeat offender charges under the same or similar facts to those present in his case. Accordingly, the state court's decision was not legally unreasonable and habeas relief under § 2254(d)(1) is unavailable to the Applicant on his first and second claims.

**B.     Claim Three.**

In his third claim, the Applicant argues that he was denied a fair trial because of prosecutorial misconduct during closing arguments. Specifically, the Applicant contends that his constitutional rights were violated by prosecutorial misconduct during closing arguments of his trial based on (1) the prosecutor's reference to a defense witness as a liar, (2) the prosecutor's characterization of a witness' testimony as a "story," and (3) the prosecutor vouching for the credibility of testifying officers by referring to them as honest.

The United States Supreme Court has prescribed rules that govern the Applicant's prosecutorial misconduct claims. Primarily, the Supreme Court has found that in order to be entitled to relief under a claim of prosecutorial misconduct, the misconduct alleged must make the proceedings "so fundamentally unfair as to deny [the applicant] due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974). Inquiry into the fundamental fairness of a trial can only be made after examining the entire proceedings. *Id*. at 643. This fundamental unfairness test has

been determined under federal case law to govern claims brought under the Due Process Clause of the Fourteenth Amendment, *see Duvall v. Reynolds*, 139 F.3d 768, 794 (10th Cir. 1998), and the Sixth Amendment guarantee of a fair trial, *see Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998).

The Applicant raised his claim on appeal as federal constitutional violations of his rights to a fair trial and due process of law. *See* EXHIBITS - STATE COURT RECORD, Docket #17, Exh. A, p. 20. The Colorado Court of Appeals identified it's review as being limited to plain error. *See id*. at Exh. E, p. 15. However, under state law, plain error is that which so undermines the fundamental fairness of a trial as to cast serious doubt on the reliability of the ultimate verdict. *See Harris v. People*, 888 P.2d 259 (Colo. 1995). Because the Colorado Court of Appeals applied the same basic substantive test in its analysis that this Court would apply to determine whether there has been a due process or fair trial violation, deferral to its ruling is warranted unless it "unreasonably appli[ed]" that test. 28 U.S.C. § 2254(d); *see Harris*, 411 F.3d at 1196 (if a state standard is at least as favorable to the applicant as the federal standard, the reviewing court may presume an adjudication on the merits and apply AEDPA deference).

In this case, the test was not unreasonably applied because nothing in the record demonstrates that the state appellate court reached a different result based on facts that were materially indistinguishable from a decision of the Supreme Court, nor did it apply the Supreme Court's precedents to the facts in an objectively unreasonable manner. The court evaluated the totality of the evidence before it, to include the briefing and arguments presented by the parties, and weighed the factors according to the prevailing standard. Applicant fails to identify any decision of the United States Supreme Court which holds, based on facts similar to those of the Applicant, that the

prosecutorial misconduct he complains of deprived him of his right to due process or to a fair trial. Accordingly, review in this Court of Applicant's claim under the standard of 28 U.S.C. § 2254(d)(1) is not warranted.

Allegations of prosecutorial misconduct are mixed questions of law and fact. *See Fero v. Kerby*, 39 F.3d 1462, 1473 (10th Cir. 1994). Therefore, it is appropriate for this Court to consider whether the state court's decision was an unreasonable determination of the facts in light of the evidence presented. In performing this function, however, a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable. *See Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001) (state court's determination of facts must be objectively unreasonable in light of evidence available to the state court); *Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000) (same standard of unreasonableness applies under subsections § 2254(d)(1) and § 2254(d)(2)). Mere disagreement with the state court's determination, or even erroneous factfinding, is insufficient to grant relief if the court acted reasonably. *Weaver*, 241 F.3d at 1030.

The standard to be observed is that "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 11 (1985). In this case, it is undisputed that the defense witness which the prosecutor referred to as a liar, Kizzy Curtis, had given the police false identification information about herself and also that she pled guilty to criminal impersonation as a result. *See* EXHIBITS - STATE COURT RECORD, Docket #17, Exh. A, p. 21 and Exh. B, p. 23. The record indicated that Ms. Curtis had herself testified that she had lied to the police when

questioned about her involvement in the case. *See id*. at Exh. B, p. 23. Further, the record before the state appellate court indicated that the prosecution argued to the jury that there were inconsistencies between Ms. Curtis' testimony and other evidence that was introduced during the course of trial. It is permissible for the prosecution to comment on such circumstances in terms which cast doubt on a witness' credibility when there are irreconcilable discrepancies between testimony and other evidence in the case. *See generally Bland v. Sirmons*, 459 F.3d 999,1025 (10th Cir. 2006). Even if the prosecutor's closing statements concerning the "honesty" of testifying officers could be considered over the line in favor of vouching, *see United States v. Broomfield*, 201 F.3d 1270, 1276 (10th Cir. 2000) (assuming prosecutor's characterizations and arguments were improper vouching, but deciding that any error was harmless), there is no evidence of substantial unfair prejudice.

A closing argument will only warrant relief on federal habeas review if it renders an applicant's trial or sentencing "fundamentally unfair." *See Donnelly*, 416 U.S. at 645. That determination depends on whether there is a reasonable probability that, in the absence of the improper arguments, the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 695-96 (1984). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. This is not a harmless error standard; instead, if the court finds that the circumstances of the case did not render applicant's trial unfair, then there is no constitutional error. *Darden v. Wainwright*, 477 U.S. 168, 183 n. 15 (1986). Applicant fails to demonstrate that if the statements he complains of had not been made, the outcome of the proceedings would have been any different. Particularly, he fails to show that the comments were significant enough to influence the jury's decision in light of the evidence of guilt in the record. Additionally, juries are presumed to follow their instructions. *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993); *United States v.*

*Carter*, 973 F.2d 1509, 1513 (10th Cir. 1992). It is unrefuted that the trial court instructed the jury that closing arguments were not evidence and could not be considered as such. *See* EXHIBITS - STATE COURT RECORD, Docket #17, Exh. B, p. 24 and Exh. C, p. 5. The Applicant provides no well-pled facts, or facts from which it can be inferred, and the record fails to substantiate a position that the jury completely disregarded the instruction given to them in this regard.

Although the evidence in the record was disputed between the parties, both parties were clearly given the opportunity to persuasively present their positions to the state appellate court, and there is nothing in the record to demonstrate that the court failed to consider or misunderstood the evidence presented to them under these arguments. *See, e.g., Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003) (where state court plainly misunderstands the record in making its findings, and the confusion goes to a material factual issue that is central to the applicant's claim, that misunderstanding can result in factual finding that is unreasonable); *Miller-El v. Cockrell*, 537 U.S. 322, 347 (2003) (state courts are not required to address every hint or shred of proof suggested to them, nor are they required to "make detailed findings addressing all the evidence before [them]."). Further, the Applicant has not demonstrated that the state court's factual determination was incorrect by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Accordingly, there appears no basis upon which this Court can make a finding of that the result of the state court's decision was factually unreasonable.

Adjudication of the Applicant's claims of prosecutorial misconduct by the state courts did not arrive at a conclusion opposite to that reach by the Supreme Court on a question of law, unreasonably apply a governing legal principle to the facts of the Applicant's case, or result in an unreasonable determination of facts in light of the evidence presented. Therefore, Applicant's request for federal

12

habeas relief on this account must fail.

## CONCLUSION

In viewing the merits of the Applicant's claims, Applicant is not entitled to relief in this Court under 28 U.S.C. § 2254. Pursuant to Rule 8 of the rules governing section 2254 proceedings, no evidentiary hearing is required.

Based upon the foregoing analysis, and the entire record herein, I hereby **recommend** that the Amended Application [Filed October 27, 2005; Docket #7] be **denied**, and that this case be dismissed with prejudice.

Dated at Denver, Colorado, this 24th day of October, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge