IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01841-MSK-MEH

REGINALD GILMORE,

    Petitioner,

v.

GEORGE DUNBAR, B.V.C.C. Associate Warden,

    Respondent.

**OPINION AND ORDER DENYING PETITIONER'S
APPLICATION FOR A WRIT OF HABEAS CORPUS**

THIS MATTER comes before the Court on the Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **(#7)**,[1] which the Magistrate Judge recommends **(#22)** be denied. Having considered the Application, the Respondent's Answer **(#16)** thereto, the conventionally-submitted excerpts from the state court record **(#17)**, the Recommendation, and the Petitioner's objections **(#23, #24)** to the Recommendation, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 2254 and 1331.

---

[1] Because the Petitioner appears *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court does not serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. Procedural Background

### A. State Court Proceedings

The Petitioner, Reginald Gilmore, was charged by the El Paso County District Attorney with five counts: (1) unlawful possession of a schedule II controlled substance with intent to distribute - repeat offender, (2) unlawful possession of a schedule II controlled substance - repeat offender, (3) possession of marihuana - one ounce or less, and (4) two habitual criminal counts. The first three of these five counts were submitted to a jury for consideration, but the jury was not asked to determine whether Mr. Gilmore was a repeat offender, nor to render a verdict on the habitual criminal counts. The jury convicted him on counts 1 and 2.

At sentencing, the trial judge found Mr. Gilmore guilty of the two habitual criminal charges. He then enhanced Mr. Gilmore's sentence on the basis that he was a repeat offender, imposed a sentence of 72 years imprisonment, but reduced the sentence upon proportionality review to a term of 24 years imprisonment.

Mr. Gilmore filed a direct appeal in the Colorado Court of Appeals. After considering the parties' arguments, the appellate court affirmed Mr. Gilmore's conviction on count 1, but reversed the conviction on count 2 because it was a lesser-included offense of count 1. The Colorado Supreme Court denied *certiorari* review.

### B. Application for Writ of Habeas Corpus

Mr. Gilmore asserts three claims for relief in his habeas corpus application. The first two claims are similar. In Claim 1, he alleges that his rights to due process and a jury trial were violated because a judge, not a jury, found him guilty on the habitual criminal counts. In Claim 2, he alleges that his rights to due process and a jury trial were violated because a judge, not a jury,

adjudicated him to be a repeat offender.  In Claim 3, he alleges that the prosecutor engaged in misconduct during closing argument, depriving him of his rights to a fair trial and due process, because the prosecutor repeatedly characterized the government's witnesses as "honest," characterized a defense witness as a "liar," and referred to a witness' testimony as a "story."

In their Answer, the Respondents concede that Mr. Gilmore's claims are timely asserted and properly exhausted, but contend that Mr. Gilmore is entitled to no relief on his claims.  The Magistrate Judge recommends that Mr. Gilmore's application be denied and his claims be dismissed.  Mr. Gilmore objects to this recommendation.

### III. Issue Presented

The issue presented is whether Mr. Gilmore is entitled to habeas corpus relief on any of his claims.

### IV. Standard of Review

Because Mr. Gilmore objects to the Recommendation, the Court reviews his claims *de novo*.  28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).  The Court's review of Mr. Gilmore's claims is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" Supreme Court precedent if it applies a rule that contradicts the holding (but not the *dicta*) of a Supreme Court case or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *See Early v. Packer,* 537 U.S. 3, 8 (2002) (quoting from *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A decision involves an "unreasonable application" of Supreme Court precedent if the state court applied the precedent in an objectively unreasonable manner. *See Price v. Vincent*, 538 U.S. 634, 641 (2003) (quotation omitted). A state court's application of Supreme Court precedent can be unreasonable, even if it does not have a factually identical case to rely upon, because a general standard can be unreasonably applied. *See Panetti v. Quarterman*, _ U.S. _, 127 S. Ct. 2842, 2858 (2007). Any factual findings made by the state court are presumed to be correct, and it is Mr. Gilmore's burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. Analysis

### A. Claims 1 and 2

The Court considers Claims 1 and 2 together, because they are essentially identical. Mr. Gilmore alleges that it violated his rights to due process and a jury trial because a judge, not a jury, determined whether he was guilty on the habitual criminal counts and adjudicated him to be a repeat offender.[2] The Respondents contend that it was proper for the judge to make these determinations, because they were based upon Mr. Gilmore's prior felony convictions.

Both Claims 1 and 2 present issues of law, namely, whether a judge, rather than a jury, can

---

[2] He does not contend that there was no factual basis for these determinations, but rather, he only challenges who made them.

4

make certain statutory determinations. The Colorado Court of Appeals ruled that the determination of whether a defendant is an habitual criminal or repeat offender is based solely upon whether the defendant has a prior conviction, and is to be determined by the judge. The appellate court considered the United States Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but concluded that *Apprendi* "specifically excepted . . . 'the fact of a prior conviction'" as something which the judge, rather than a jury, must find.

In *Apprendi*, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In acknowledging the exception for prior convictions, it relied upon its prior decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that recidivism need not be charged in an indictment in order for a judge to use prior convictions to enhance a defendant's sentence. In *Apprendi*, the Supreme Court declined to overrule *Almendarez-Torres* despite concluding that it was "arguable" that the decision in *Almendarez-Torres* may have been "incorrectly decided."
To date, the Supreme Court has not overruled *Almendarez-Torres*.

In Colorado, determination of whether a defendant is a repeat offender or habitual criminal rests solely upon whether the defendant has prior convictions.[3] Thus, *Apprendi* did not require the jury to determine whether Mr. Gilmore had prior convictions which could be used to enhance his sentence. Consequently, the Colorado Court of Appeals' determination was not contrary to, nor an unreasonable application of, Supreme Court precedent.

---

[3] The repeat offender provision at issue is found at § 18-18-405(2)(a)(II), C.R.S., and the habitualk criminal provision at issue is found at § 18-1.3-801, C.R.S.

## B. Claim 3

In Claim 3, Mr. Gilmore alleges that the prosecutor repeatedly and improperly characterized the government's witnesses as "honest," the defense witness as a "liar", and one witness' testimony as a story, and that this denied him his rights to a fair trial and due process. The Respondents contend that "it is clear from the record" that the prosecutor fairly commented on the evidence and did not improperly vouch for anyone's testimony. They also respond that Mr. Gilmore has not shown that the prosecutor's statements affected the fairness of his trial, nor that the state court's resolution of this claim was contrary to clearly established law.

On this claim, the Court of Appeals stated:

> Defendant next contends that comments made by the prosecutor during her closing argument constituted plain error. We find no reversible error.
>
> It is improper for counsel to express his or her personal belief regarding the truth or falsity of testimony during final argument because the truthfulness of testimony and the credibility of witnesses are matters to be determined by the trier of fact, and not by the advocates. *Wilson v. People,* 743 P.2d 415 (Colo.1987).
>
> When the alleged error consists of prosecutorial misconduct and was not preserved by a contemporaneous objection, it will not be considered on appeal unless it was plain error affecting the substantial rights of the defendant. Crim. P. 52(b); *People v. Constant,* 645 P.2d 843 (Colo.1982). Prosecutorial misconduct in closing arguments rarely is so egregious as to constitute plain error. *People v. Sepeda,* 196 Colo. 13, 581 P.2d 723 (1978).
>
> Defendant first contends that, during closing argument, the prosecutor improperly called a defense witness a "liar." However, the record shows that the prosecutor's characterization of the witness was in the context of the witness's admission that she had lied to the police. Thus, we conclude that the prosecutor's argument constituted a fair comment on the evidence.

Defendant also contends that the prosecutor's further characterization of the witness's testimony as a "story," as opposed to the truth, exceeded proper argument. However, we conclude that the prosecutor's reference to the witness's "story" was an acceptable reference to the witness's testimony about the events. *See People v. Constant, supra* (the prosecutor may draw reasonable inferences as to the demeanor and credibility of witnesses).

Finally, we reject defendant's assertion that the prosecutor improperly vouched for the credibility of the police officers by commenting that they were "honest" with the jury.

The comments, made during rebuttal closing argument, were in response to the defense challenge to the quality of the police investigation. The prosecutor argued that the officers were honest when they admitted to the jury that they could not remember aspects of the investigation and the search. Again, we conclude that this was fair comment on the testimony.

On this record, we do not find that the prosecutor's argument resulted in plain error. *See People v. Ramirez,* 56 P.3d 89 (Colo.2002).

Mr. Gilmore does not contest the appellate court's observation that there were no contemporaneous objections to the prosecutor's comments. That being the case, the appellate court was required to review any comments by the prosecutor for plain (*i.e.,* obvious) error. *United States v. Young,* 470 U.S. 1, 6 (1985). In conducting such review, a court should not lightly overturn a criminal conviction simply because a prosecutor has made an improper remark. *Id.* at 11. Rather, the remark is to be viewed in context to determine whether it affected the fairness of the trial. *Id.* In some instances, prosecutorial comment may be invited by the argument of opposing counsel; a court's function is to evaluate whether the comment probably affected the jury's ability to fairly judge the evidence in light of the arguments made by all counsel. *Id.* at 12.

Here, the appellate court examined each of the prosecutor's statements in context of the record. When it did so, it relied upon *People v. Constant*, 645 P.2d 843, 846-47 (Colo. 1982), which in turn stated: "Prosecutorial misconduct provides a basis for reversal because of plain error only where there is a substantial likelihood that it affected the verdict or deprived a defendant of a fair and impartial trial." This is akin to the federal standard for plain error review. *See* Fed. R. Crim. P. 52(b); *Jones v. United States*, 527 U.S. 373, 389 (1999) (to be plain error, the error must affect substantial rights); *United States v. Dominguez Benitez,* 542 U.S. 74 (2004) (an error affects substantial rights when it has a substantial and injurious effect or influence in determining the verdict); *see also United States v. Harlow*, 444 F.3d 1255, 1261 (10th Cir. 2006) ("Plain error is fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.").

After examining each statement, the state appellate court found that the statements were either fair comments on the evidence or were otherwise acceptable. The appellate court's analysis was consistent with Supreme Court precedent, and therefore was not "contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" *See* 28 U.S.C. § 2254(d)(1).

The Court's analysis of whether the appellate court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is complicated because the record before this Court is devoid of what the appellate court considered. *See* 28 U.S.C. § 2254(d)(2). The Respondents repeatedly contend that the prosecutor's statements were a fair comment on the evidence in the record, but the prosecutor's actual comments and the remainder of the record are not before this Court. Therefore, the Court

is unable to determine exactly what was said, the context of the statements, whether they were fair comments upon the record, or whether the trial judge gave any contemporaneous or other curative instructions.

However, it is unnecessary for the Court to make such findings. The Court must presume that the findings made by the Colorado Court of Appeals are correct, and it is Mr. Gilmore's burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). He has not pointed to any evidence in the record to show that the appellate court's findings were incorrect, nor does he contend that there are any key portions of the state court record which the Respondents did not provide but which this Court must consider. Rather, Mr. Gilmore appears to disagree only with the Colorado Court of Appeals' legal conclusions, which this Court has addressed *supra* pursuant to 28 U.S.C. § 2254(d)(1). Thus, he has not shown that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court.

**IT IS THEREFORE ORDERED** that the Court **ADOPTS** the Magistrate Judge's Recommendation **(#22),** and **DENIES** Mr. Gilmore's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **(#7).** The Clerk of Court is directed to close this case.

Dated this 26th day of February, 2008

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge